UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONAE SHARAE FOSTER,

     Plaintiff,

v.

UNKNOWN WOODS, et al.,

     Defendants.

_____/

Case No. 26-cv-10322
HON. MARK A. GOLDSMITH

### OPINION & ORDER SUMMARILY DISMISSING CASE

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983.  Plaintiff Monae

Sharae Foster is a state prisoner at the Huron Valley Women's Complex.  Foster names Michigan

Department of Corrections (MDOC) corrections officers "Woods" and "Stg Ms. Johnson" as

defendants.  Foster claims that Defendants unfairly placed her in segregation for several days.  For

the reasons that follow, the Court summarily dismisses the complaint for Foster's failure to state a

claim.

### I.  BACKGROUND

The case is before the Court for screening under the Prison Litigation Reform Act (PLRA).

Foster has been granted leave to proceed without prepayment of the filing fee for this action due

to her indigence.  Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis

complaint before service on a defendant if it determines that the action is frivolous or malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly,

the court is required to dismiss a complaint seeking redress against government entities, officers,

and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief

1

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Foster asserts that in January 2025, another prisoner, Moore spit on her.  Compl. at PageID.7 (Dkt. 1).  But instead of detaining Moore, Woods was told to take Foster to segregation. <u>Id.</u>  Foster protested that they had the wrong person, and she pled with Johnson to watch the videotape.  <u>Id.</u>  Johnson refused and ordered Foster to "lock up."  <u>Id.</u>  Foster asserts that she spent four or five days in segregation.  <u>Id.</u> at PageID.5.  Foster claims that her wrongful detention in segregation caused her "mental and emotional injury."  <u>Id</u>. at PageID.8.  She seeks an order compelling the prison to "follow the rules," $500,000 in damages, and for defendants "to pay for my individual therapy when I go home."  <u>Id</u>.

## II.    ANALYSIS

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (punctuation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id</u>.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law."  Paige v. Coyner, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail."  Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Foster's complaint does not specify a legal basis for her complaint, but she claims that she was "treated unfairly" and that defendants failed to preserve her "life, health, and safety."  Compl. at PageID.4.  The Court will therefore interpret the complaint to be raising a Fourteenth Amendment procedural due process claim.

To state a procedural due process claim under § 1983, Foster must plausibly allege that she was deprived of a life, liberty, or property interest protected under the Due Process Clause without adequate process.  See, e.g., Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999); Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572, 577 (1972).  In other words, Foster must show both (1) the existence of a constitutionally protected right and (2) the deprivation of that right without due process.  See McMillan v. Fielding, 136 F. App'x 818, 820 (6th Cir. 2005) ("A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered."); Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("[T]hose who seek to invoke [the Due Process Clause's] procedural protection must establish that one of these interests [i.e., life, liberty, or property] is at stake.").

As an initial matter, a claim that defendants violated Foster's procedural due process rights by issuing a false or unfounded misconduct ticket standing alone is a non-starter.  There is "no constitutional right to be free from false accusations of misconduct."  Jackson v. Hamlin, 61 F. App'x 131, 132 (6th Cir. 2003).

3

It is only where misconduct accusations lead to discipline that deprives an incarcerated person of a protected liberty interest that entitles a prisoner to procedural due process protections. See Sandin v. Conner, 515 U.S. 472, 486 (1995); Moore v. Hofbauer, 144 F. Supp. 2d 877, 884 (E.D. Mich. 2001) (explaining that an incarcerated person is entitled to the "minimum requirements of procedural due process" when facing a prison disciplinary hearing that could deprive them of a protected liberty interest (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)).

The first question, therefore, is whether the misconduct charges against Foster threatened such a deprivation.  See Heard v. Caruso, 351 F. App'x 1, 9 (6th Cir. 2009) ("If a prisoner establishes a protected liberty interest, the next question is whether the state afforded the inmate sufficient process."); see also Bell v. Washington, No. 22-2132, 2023 WL 6438597, at *13 (6th Cir. Sept. 29, 2023) ("[A] prisoner does not have a procedural right to due process at a hearing unless the disciplinary action implicates a protected interest, such as when a prisoner is facing the loss of good-time credits.").

"A prison disciplinary proceeding does not give rise to a protected liberty interest unless" either "the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" McMillan, 136 F. App'x at 820 (quoting Sandin, 515 U.S. at 484), or "the State's action will inevitably affect the duration of his sentence," Sandin, 515 U.S. at 487; see Lawson v. Davids, No. 23-776, 2024 WL 958293, at *54–55 (W.D. Mich. Mar. 6, 2024) ("[A] misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement." (citing Taylor v. Lantagne, 418 F. App'x 408, 412 (6th Cir. 2011))).

Foster does not allege that the results of any prison disciplinary proceeding inevitably affected her sentence duration.  See Lawson, 2024 WL 958293, at *52–55.  She does not suggest, for example, that any misconduct cost her good-conduct credits.  See Taylor v. Larson, 505 F. App'x 475, 478 (6th Cir. 2012) (per curiam) (on screening, concluding that incarcerated plaintiff was not entitled to notice and a hearing prior to four-day confinement in segregation where confinement did not affect a parole decision or result in loss of good-time credits); Sandin, 515 U.S. at 485–487.

Nor did being placed in segregation for four or five days constitute an atypical, significant deprivation.  "Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration."  Joseph v. Curtin, 410 F. App'x 865, 867–868 (6th Cir. 2010) (punctuation modified); see Finley v. Huss, 102 F.4th 789, 812 (6th Cir. 2024) ("Generally speaking, inmates lack protected liberty interests in avoiding administrative segregation.").  To determine whether placement in segregation "nonetheless imposes atypical and significant hardship," Sandin, 515 U.S. at 484, courts consider the duration and nature of the confinement, see Harden-Bey v. Rutter, 524 F.3d 789, 793 (6th Cir. 2008).  The duration of Foster's segregation was too short to implicate a protected liberty interest.  See Sandin, 515 U.S. at 486 (holding that 30-day confinement in segregation was not atypical and significant); Joseph, 410 F. App'x at 868 (concluding on screening that "nothing in [plaintiff's] complaint" suggested that 61 days in segregation was atypical and significant); Lawson, 2024 WL 958293, at *56 (collecting cases) ("Generally, only periods of segregation lasting for several years or more have been found to be atypical and significant."); Harden-Bey, 524 F.3d at 793 (suggesting that indefinite confinement in segregation could create a cognizable liberty interest).

Foster has not alleged facts showing that a protected liberty interest was at stake.  Thus, she was not due any procedural safeguards in relation to any misconduct charge sufficient to raise a claim under the Fourteenth Amendment.  See Bell, 2023 WL 6438597, at *4.  Accordingly, Foster's complaint fails to state a procedural due process claim.

## III.    CONCLUSION

Foster fails to state a claim cognizable under §1983 against either of the Defendants named in the complaint so this case is summarily dismissed.

**SO ORDERED.**

Dated: April 15, 2026                                  s/Mark A. Goldsmith
Detroit, Michigan                                      MARK A. GOLDSMITH
                                                       United States District Judge


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

                                                       s/Joseph Heacox
                                                       JOSEPH HEACOX
                                                       Case Manager